IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TOMMY D. SMITH                                                                                           PLAINTIFF
ADC #100108

V.                                        NO.  5:08cv00080 JMM-JWC

MICHAEL DELONEY, et al                                                              DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

## II. Recommended Disposition

On March 24, 2008, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (doc. 2). According to Plaintiff's original (doc. 2) and amended complaints (doc. 5),[1] another inmate charged him with sexual assault. Plaintiff alleged that Defendant Deloney neglected to interview witnesses on his behalf or to review the video monitors in the barracks that would have exonerated him of the charge alleged. He further alleged that Defendant Deloney failed to follow ADC policies governing disciplinary investigations. Defendant Courington assisted Defendant Deloney in his investigation of that matter. Specifically, Defendant Courington interviewed Plaintiff. She gave him a microphone to attach to his shirt and told him to speak into it. His responses were not registering so she made some changes and asked him again to speak up and into the microphone. Plaintiff additionally alleged that Defendant Courington violated his

---

[1] Filed at the Court's direction.

constitutional rights by not advising him of his rights. These were the only allegations Plaintiff made in connection with Defendant Courington and standing alone they failed to state a claim, much less one of constitutional magnitude. The only real allegation of wrongdoing attributable to Defendant Courington was her alleged failure to advise Plaintiff of his unspecified rights; however, Plaintiff provided the Court with evidence to the contrary (see doc. 9, Plaintiff's April 25, 2007, major disciplinary). Although not written by Defendant Courington, a copy of the major disciplinary clearly gave Plaintiff notice of the charges alleged and that the matter was referred to the hearing officer. Plaintiff signed this document. Nothing further was required.[2] Since no constitutional violation occurred under the allegations Plaintiff presented, this Court recommended that his claims against Defendant Courington be dismissed (see doc. 12).

Plaintiff filed objections to this Court's findings and recommendations (see doc. 17). In these objections, Plaintiff made new allegations regarding the personal participation of Defendant Courington. The District Court therefore construed Plaintiff's objections as a supplement to his amended complaint and declined to dismiss Defendant Courington (see doc. 18). According to Plaintiff's "supplement to his amended complaint," Defendant Courington was deliberately indifferent in the investigation of his sexual assault charge. Plaintiff specifically alleged that Defendant Courington refused to examine his witnesses yet gave another inmate a "CVSA" test on behalf of the accuser. Plaintiff further alleged

---

[2] See Samuels v. Selsky, 166 Fed. Appx. 552, 554 (2d Cir. 2006) (unpub. op.) (disciplinary notice afforded to an inmate by a misbehavior report satisfies due process); see also Turner v. Caspari, 38 F.3d 388, 390 (8th Cir. 1994) ("an inmate facing disciplinary proceedings is entitled to . . . advance written notice of the claimed misconduct and a hearing at which he may call witnesses and present documentary evidence") (internal quotations & citations omitted).

that Defendant Courington violated ADC procedures governing investigations when she failed to perform a forensic medical exam / rape kit / DNA collection.  He holds Defendant Courington responsible for failing to prove his innocence.  He additionally claimed that he was found guilty due to his institutional jacket and his race.

On July 7, 2008, Defendants filed a motion for judgment on the pleadings (or, in the alternative, motion for summary judgment) and brief in support (doc. 24, 25) seeking to dismiss Plaintiff's complaint in its entirety.  Defendants asserted the following defenses: (1) Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff has failed to first seek invalidation of his disciplinary conviction through state or federal habeas proceedings; (3) Plaintiff has failed to state a claim for either a due process or equal protection violation; and (4) negligence is not an actionable theory of recovery under 42 U.S.C. § 1983.  By order entered July 8, 2008 (doc. 26), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion.  In addition, Plaintiff was advised that since Defendants had attached evidence to their motion, the Court may construe the motion as one for summary judgment.  Plaintiff was therefore advised that his response to Defendants' motion could include opposing or counteraffidavits, executed by him or other persons, which had either been sworn to under oath, i.e., notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746.  Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial.  Plaintiff has filed his response (doc. 30).

### III.  Standard of Review

Summary judgment[3] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999).  A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23.  To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e).  A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).  A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).  Moreover, pro se complaints must be liberally construed and held

---

[3] Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Any distinction between a Rule 12(c) motion and a Rule 12(b)(6) motion is purely formal.  If a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id.  Because Defendants attached evidence to their motion which the Court relies upon, and since Plaintiff has been given the opportunity to respond to Defendants' motion thus negating any potential claim of unfair surprise, Defendants' motion will be construed as one for summary judgment. Id. 56.

"to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### IV.  Analysis

Defendants first contend that Plaintiff has failed to exhaust his administrative remedies. Administrative exhaustion is an affirmative defense that must be raised by defendants. See Guerra v. Kempker, 134 Fed. Appx. 112 (8th Cir. 2005) (unpub. per curiam) (citing Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam)) (district court erred in dismissing complaint sua sponte for failure to exhaust administrative remedies; failure to exhaust is an affirmative defense, and plaintiff need not plead that he has exhausted his remedies in order to avoid pre-service dismissal). An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability).

The Inmate Discipline Manual, which is promulgated pursuant to Administrative Regulation 831, provides:

> At the time of notification of the verdict in a disciplinary proceeding, the inmate will be notified that he/she has the right to appeal any decision of, or disciplinary action taken by the Disciplinary Hearing Officer, directly to the Warden/Center Supervisor of the unit/center involved . . . . The appeal shall be submitted in writing within fifteen days after the filing of the Disciplinary Hearing Officer's report and shall set forth in detail the grounds for such appeal . . . . The Warden/Center Supervisor has thirty calendar days from receipt of the appeal to respond. If the inmate is not satisfied with the response, he/she has fifteen days to appeal to the Disciplinary Hearing Administrator, who has thirty days to respond. If the inmate disagrees with the response, he/she has fifteen days to appeal to the Director. In all steps, the inmate shall set forth in detail the grounds for such an appeal. If the inmate fails to receive responses in the appeal time frame, he/she may appeal to the next level.

(See doc. 24, Exh. G, Inmate Discipline Manual, at pgs. 16-17). In order for Plaintiff to exhaust his administrative remedies, the policy requires him to first appeal to the warden of the unit involved, then to the disciplinary hearing officer, and finally to the Director of the ADC. The applicable ADC policy sets deadlines by which each step in the appeals process must be accomplished. Defendants contend that Plaintiff not only failed to properly exhaust his administrative remedies, he failed to properly do so in a timely manner.

On April 26, 2007, Plaintiff received a major disciplinary citing four violations of ADC disciplinary policy: 1) rape or forced sexual act; 2) lying to a staff member; 3) assault, willful attempt or threats to inflict bodily injury on another; and 4) making sexual threats to another (see doc. 9). Plaintiff was subsequently convicted of rape and assault upon another inmate and received thirty days of punitive isolation and reduction in class status to Class IV (see doc. 5 at pg. 5 & doc. 24, Exh. A). In his amended complaint and related supplemental pleadings, Plaintiff maintains that the disciplinary conviction for rape was

improperly decided. Plaintiff alleges that the ADC's Internal Affairs Division investigation, which was conducted by Defendants Deloney and Courington, was conducted in a negligent manner. He contends that Defendants Deloney and Courington were negligent by failing to investigate his accuser's allegations, failing to interview witnesses named by Plaintiff for use during the investigation, failing to conduct a medical examination of Plaintiff to determine the feasibility of rape, failing to review the closed circuit camera tapes, failing to conduct the investigation in a timely manner, and by negligently employing the use of computerized voice stress analysis, which Plaintiff contends was an unreliable method in assessing the truth of his statements. Plaintiff contends he has "never raped or sexually assaulted anyone" (see doc. 5 at pg. 7).

Plaintiff filed multiple grievances alleging that the internal affairs investigation was improper. He attached these and other related documents to his amended complaint. His grievances were all denied as they grieved matters that had not yet transpired— no disciplinary conviction was imposed on Plaintiff until May 1, 2007 (see doc. 24, Exh. A). Once the major disciplinary citation was delivered to Plaintiff, he attempted to exhaust his administrative remedies by writing a letter dated May 5, 2007, to the Disciplinary Hearing Administrator, James Gibson, which was rejected due to Plaintiff's failure to follow proper disciplinary appeal procedure (see doc. 5 at pgs. 29-32).[4] By letter dated May 13, 2007, Plaintiff attempted to appeal the disciplinary matter to ADC Director Larry Norris, and this appeal was also rejected due to Plaintiff's failure to follow proper disciplinary appeal procedure (see doc. 5 at pgs. 33-38). On May 25, 2007, Plaintiff properly appealed to

---

[4] Plaintiff was first required to appeal his disciplinary to his unit warden.

Warden Maples; however, that appeal was beyond the fifteen days permitted for appealing a disciplinary (see doc. 24, Exh. B). Warden Maples upheld Plaintiff's disciplinary conviction on June 7, 2007. Id. Over two months later, by letter dated August 2, 2007, Plaintiff appealed Warden Maples' decision directly to ADC Director Larry Norris and averred that he had never received Warden Maples' June 7, 2007, decision (see doc. 24, Exh. C).[5] However, because Plaintiff failed to appeal first to the Disciplinary Hearing Administrator, James Gibson, in accordance with the Inmate Discipline Manual, Mr. Norris' office rejected the appeal and forwarded the appeal to Mr. Gibson on August 30, 2007 (see doc. 24, Exh. D). By memorandum dated August 31, 2007, James Gibson, the ADC's Disciplinary Hearing Administrator, affirmed Plaintiff's disciplinary conviction and notified him of his opportunity to appeal to Director Norris, the final step of the appeals process (see doc. 24, Exh. E). Plaintiff never attempted a subsequent appeal to Director Norris as required by the Inmate Discipline Manual (see doc. 24, Exh. F, Gibson Affidavit at ¶¶ 7-10 and Exh. G at pgs. 16-17).

In response to Defendants' argument (see doc. 30), Plaintiff merely states that his case should not be dismissed on exhaustion grounds because he complied with Adm. Reg. 831 "bypassing the warden['s] office as disc. is written by a warden." There are three simple steps to the disciplinary appeals process and the evidence demonstrates that Plaintiff was aware of each: (1) initial appeal to the unit warden; (2) subsequent appeal to the disciplinary hearing officer; and (3) a final appeal to the Director of the ADC. The Court

---

[5] Plaintiff was transferred from the ADC's Grimes Unit to the ADC's East Arkansas Regional Unit on June 4, 2007. Defendants suggest that this transfer is likely the cause of delay in receiving Warden Maples' June 7, 2007, appeal denial.

notes that even though Plaintiff failed to properly follow these administrative guidelines, Defendants nevertheless addressed his <u>untimely</u> initial appeal on the merits. As a result of that decision, Plaintiff was merely required (and notified of same)[6] to appeal James Gibson's August 31, 2007, affirmance of his disciplinary verdict to the highest administrative level, the Director of the ADC. He totally failed to do this. For this reason, his case should be dismissed on exhaustion grounds.

### V. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings (or, in the alternative, motion for summary judgment) (doc. 24) should be GRANTED and Plaintiff's case DISMISSED WITHOUT PREJUDICE in its entirety on the grounds that he failed to exhaust his administrative remedies.

2. All pending motions should be DENIED AS MOOT.

3. The evidentiary hearing set for November 25, 2008, in Pine Bluff (<u>see</u> doc. 28) should be cancelled.

DATED this 23rd day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] <u>See</u> doc. 24, Exh. D & E.